Indian Creek Coal & Coke Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 26253, 41872.   Promulgated June 30, 1931.

*W. A. Seifert, Esq., W. W. Booth, Esq.,* and *W. A. Wallerstedt, Esq.,* for the petitioner.
*O. W. Swecker, Esq.,* for the respondent.

OPINION.

TRAMMELL: The only questions to be determined in this proceeding are the March 1, 1913, value of the coal properties owned on that date for depletion purposes, the question of law as to whether the royalties received from the Melcroft Coal Company under the lease should be added to the purchase price received for the property or should be included in income in the years when received, and the question with respect to the net loss for 1923, which is in fact determined by our findings with respect to the March 1, 1913, value of the coal properties for depletion purposes as this question depends upon the amount of depletion allowed.

With respect to the value on March 1, 1913, there is some conflict in the testimony. Witnesses whom we consider to be well qualified and experienced men, having a knowledge of the properties and other properties in the territory, testified that the properties had a value on March 1, 1913, of $100 per acre. On the other hand, another witness testified that the properties had a value of $50 per acre on that date. We have considered all of this testimony and are of the opinion that the properties had a value of $100 per acre on March 1, 1913, and have so found as a fact. Where the testimony is conflicting and capable men differ, it is our duty to determine the weight to be given the testimony and to consider the facts and reasons upon which the testimony is based and decide which is entitled to more weight. We have done so with the above result.

With respect to the question as to the royalties received in previous years from the Melcroft Coal Company lease, it is our opinion that they were royalties when received and, as such, income. It is true they were to be applied in the event the lessee exercised its option to purchase the property, against the purchase price and the lessee was to have credits therefor. It was not known at the time when these royalties were paid whether they would ultimately be added to the purchase price of the property. In any event, they were still royalties which were to be credited on the purchase price and they did not lose their characterization because they were eventually so applied. We

do not think, therefore, that because the option to purchase was exercised in 1924 and credit allowed on the purchase price to be paid in that year on account of royalties paid in previous years, those royalties should be considered a part of the purchase price paid in 1924 when the option was exercised. The effect of the transaction was that the purchase price to be paid in 1924 was reduced to the extent of royalties previously paid. This being true, the Commissioner was in error in adding these royalties of previous years to the purchase price paid in 1924 in determining the income from the sale in that year.

With respect to the question of the net loss for 1923, we have no evidence as to what that loss was, if any, but the case was apparently tried upon the theory that there was a net loss in 1923 which was to be increased or decreased in accordance with the amount of depletion allowable, which question rested upon the March 1, 1913, value of the coal properties. There was no controversy in this proceeding as to whether there was a net loss in 1923 or the amount thereof, but only the question as to whether the depletion allowable based upon the March 1, 1913, value would affect the net loss determined by the Commissioner. The March 1, 1913, value of the coal properties having been determined, the deduction on account of depletion should be allowed on the basis of that valuation, and, in so far as this allowable depletion would affect the net income of 1923, the net loss for that year should be allowed as a deduction in computing the net income for 1924, as provided in section 206(f) of the Revenue Act of 1924.

*Judgment will be entered under Rule 50.*